UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSHUA TAPER, | : | Case No. 1:24-cv-184 |
| Petitioner, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Kimberly A. Jolson |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has also moved for leave to proceed *in forma pauperis*. (Doc. 1). Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. For the reasons that follow, however, it is **RECOMMENDED** that the Petition (Doc. 1-1)[1] be **DISMISSED without prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Petitioner's motions for recusal (Docs. 27, 28) are **DENIED**. Petitioner's remaining motions (Docs. 3, 15, 19, 26) should be **DENIED as moot**.

**Petitioner's Habeas Corpus Petition**

**I.    Procedural History**

Petitioner is currently confined at the Lebanon Correctional Institution. (Doc. 1-1, at PageID 12). He challenges his conviction and sentence to 14 years in the Ohio Department of Corrections following his guilty plea to the offense of involuntary manslaughter with a gun

---

[1] Petitioner has also filed two nearly identical hand-written copies of the Petition. (*See* Docs. 1-2; 1-3). Because these copies (Docs. 1-2; 1-3) contain the same claims as Doc. 1-1, they are not separately addressed by the Court.

specification in Hamilton County Court of Common Pleas Case No. B1406354. (*Id.*; *see also* Hamilton County Court of Common Pleas' April 23, 2015 Docket Entry in Case No. B1406354).[2] Petitioner did not appeal his conviction or sentence. (Doc. 1-1, at PageID 13).

In October 2022, Petitioner filed a motion for judicial release. (Doc. 1-1, at PageID 14–15). The trial court denied the motion on January 16, 2024, following a hearing. (Doc. 1-1, at PageID 19; *see also* Doc. 1-4, at PageID 59–60). Petitioner did not appeal the denial of his motion for judicial release. (Doc. 1-1, at PageID 16).

In April 2024, petitioner filed the instant habeas petition, raising the following two grounds for relief:

> **GROUND ONE:** Violation of Fourteenth Amendment.
>
> **Supporting Facts:** In 9/4/14 Petitioner was a child with no legal guardian nor lawyer present. When he was taken in for questioning 10 years ago. Petitioner ask for attorney but the detectives refused to release petitioner from state custody. They proceeded with kidnapping an unlawfully arrested petitioner.
>
> **GROUND TWO:** Petitioner was convicted unlawfully due to State [of] Ohio using unlawfully obtained confession to convict Petitioner on a breach contract violating Plaintiff procedural due process.
>
> **Supporting Facts:** Petitioner lawyers and Prosecutor on the case withheld exculpatory evidence from Petitioner to force Petitioner to sign a breach contract as a child.

(Doc. 1-1, at PageID 16–18). As noted above, Petitioner has also filed various motions for relief.

## II. Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases provides that the Court "must dismiss"

---

[2] Viewed at https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+1406354&submit.x=4&submit.y=16, by searching under Petitioner's name and Case No. B1406354. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004).

a habeas petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. foll. § 2254.

The statute governing § 2254 habeas petitions contains an exhaustion requirement. *See* 28 U.S.C. § 2254(b)–(c). Specifically, the statute provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his or her state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor

of requiring the exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987).

## III. Analysis

In this case, Petitioner has not exhausted either of the Petition's two grounds for relief because he has never invoked one complete round of the State's established appellate review process.[3] The Petition indicates that Petitioner never appealed from his 2015 conviction and sentence. (Doc. 1-1, at PageID 13). Further, while Petitioner asserts that he presented Ground Two of the Petition to the state trial court in his motion for judicial release (Doc. 1-1, at PageID 18–19), Petitioner concedes that he did not appeal from the denial of that motion (*id*., at PageID 19).

At this juncture, Petitioner is precluded from filing an appeal in the state courts from the denial of his post-conviction motion for judicial release because Ohio does not permit delayed appeals in postconviction proceedings. *See Nesser v. Wolfe,* 370 F. App'x 665, 670 (6th Cir.2010) (and cases cited therein). However, Petitioner still has an avenue open to him in the state courts

---

[3] In separately filed memoranda in support of his Petition, Petitioner argues that exhaustion is not required in this case because the trial court never acquired jurisdiction over him through a valid bindover order. (*See* Doc. 4, at PageID 102–03; Doc. 5, at PageID 110; Doc. 7, at PageID 134). However, § 2254 habeas corpus petitions raising a lack of jurisdiction remain subject to § 2254's exhaustion requirements. *See, e.g., Powell v. Wolfe*, No. 2:07-CV-00164, 2008 WL 1995214, at *5 (S.D. Ohio May 5, 2008), *report and recommendation adopted*, No. 2:07-CV-00164, 2008 WL 2491745 (S.D. Ohio June 17, 2008). Petitioner has failed to assert that he has exhausted any such bindover claim, and a search of the Ohio Supreme Court website, https://www.supremecourt.ohio.gov/Clerk/ecms/#/search, reveals that Petitioner, whose name does not pull-up any cases when entered into the search engine, has not fairly presented such a claim to the Ohio courts. Further, to the extent that Petitioner seeks to challenge the denial of his motion for judicial release through the legal memorandum filed in support of his Petition (*see* Doc. 5, at PageID 110), "[c]hallenges to the denial of a motion for judicial release are not cognizable on federal habeas review because there is no federal constitutional right to early judicial release." *McQuistan v. Sheldon*, No. 1:20-CV-00656, 2023 WL 2634128, at *25 (N.D. Ohio Feb. 10, 2023), *report and recommendation adopted*, No. 1:20-CV-00656, 2023 WL 2633534 (N.D. Ohio Mar. 24, 2023). Likewise, to the extent Petitioner seeks to raise other new habeas claims through his legal memoranda (*see, e.g.,* Doc. 8, at PageID 142 (raising sentencing court's alleged failure to consider mitigating factors)), nothing in the memoranda suggest that any such new claims have been exhausted. Nor can Petitioner use his legal memoranda in this case to litigate alleged civil rights claims under 42 U.S.C.§ 1983 (*see* Doc. 18). Accordingly, dismissal of the Petition (Doc. 1-1) without prejudice for failure to exhaust remains appropriate.

by which he may present his claims. Specifically, although the thirty-day period for filing a timely appeal under Ohio R. App. P. 4 to the Ohio Court of Appeals has expired, Petitioner may pursue the remedy of a delayed appeal under Ohio R. App. P. 5 from his conviction and sentence based on claims of error that may be discerned and adjudicated solely on the basis of the record. *See Smith v. Sheriff, Hamilton Cty. Just. Ctr.,* No. 1:15-CV-333, 2016 WL 4148012, at *6 (S.D. Ohio July 13, 2016), *report and recommendation adopted*, No. 1:15-CV-333, 2016 WL 4140724 (S.D. Ohio Aug. 4, 2016) (challenges to guilty plea conviction dismissed as unexhausted where remedy of delayed appeal remained); *see also State v. Brown*, No. 97APA10-1396, 1998 WL 634943, at *3 (Ohio Ct. App. Sept. 15, 1998) ("Moreover, defendant could have filed a motion for delayed appeal pursuant to App. R. 5 if he wished to have the guilty plea reviewed on direct appeal[.]").

Additionally, "in Ohio, successive post-conviction petitions are not prohibited." *Harris v. Warden, Madison Corr. Inst.*, No. 1:11-CV-414, 2012 WL 1552757, at *4 (S.D. Ohio Apr. 30, 2012), *report and recommendation adopted,* No. 1:11CV414, 2012 WL 1902435 (S.D. Ohio May 25, 2012). Therefore, "the remedy of state post-conviction relief arguably remains available to [Petitioner] to exhaust claims that may be based on evidence outside the record." *Id*.

Accordingly, because Petitioner has not exhausted his available state remedies but may still pursue a motion for a delayed appeal pursuant to Ohio Appellate Rule 5(A) and/or state post-conviction relief for claims that may be based on evidence outside the record, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 4.

5

## IV. Petitioner's Remaining Motions

Petitioner has also filed various motions that are pending before the Court. (*See* Docs. 3, 15, 19, 26–28).

First, in light of the Court's recommendation to dismiss this action without prejudice for failure to exhaust, it is **RECOMMENDED** that Petitioner's Motion for the Court to Grant Release of Petitioner (Doc. 3); Motion to Amend Exhibits (Doc. 15); Federal R. Civ. P. 60(B)(4)(1) Motion of Writ of Habeas (Doc. 19); and Motion for 28 U.S.C.S. § 2243 Issuance of Writ; Return Hearing; Decision (Doc. 26) **be DENIED as moot.**

Next, Petitioner moves in Documents 27 and 28 for the recusal of the District Judge and the Undersigned. Judges are bound by the recusal standard set forth in 28 U.S.C. § 455(a), which provides that any United States judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." *Ragozzine v. Youngstown State Univ.,* 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting 28 U.S.C. § 455(a)). Section 455(a) requires a judge to recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Id.* (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990)) (discussing 28 U.S.C. § 455(a)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Burley v. Gagacki*, 834 F.3d 606, 617 (6th Cir. 2016) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)).

Plaintiff has not made any allegations that indicate that Judge Barrett's or the Undersigned's impartiality might reasonably be questioned in this case. Nor has he alleged circumstances that create an appearance of bias. Accordingly, disqualification is neither necessary nor appropriate. Petitioner motions (Docs. 27; 28) are therefore **DENIED**. *See Seldon v. Lehman Bros., Inc.*, No. 09-13162, 2011 WL 13206180, at *1 (E.D. Mich. Jan. 6, 2011).

6

## IT IS THEREFORE RECOMMENDED THAT:

1. The Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1-1) be **DISMISSED without prejudice** to refiling after Petitioner exhausts his state court remedies.

2. In light of the above recommendation, it is further **RECOMMENDED** that Petitioner's Motion for the Court to Grant Release of Petitioner (Doc. 3); Motion to Amend Exhibits (Doc. 15); Federal R. Civ. P. 60(B)(4)(1) Motion of Writ of Habeas (Doc. 19); and Motion for 28 U.S.C.S. § 2243 Issuance of Writ; Return Hearing; Decision (Doc. 26) **be DENIED as moot.**

3. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that Petitioner has failed to exhaust state court remedies and that this case should be dismissed without prejudice pending his exhaustion of such remedies.[4]

4. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith." See Fed. R. App. P. 24(a).

## IT IS THEREFORE ORDERED THAT:

Petitioner's Motions under 28 U.S.C. § 455 (A)(B)(1) Specified in ORC ANN 1907.14(A)(B), construed as Motions for Recusal (Docs. 27; 28), are **DENIED**.

---

[4]Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

**PROCEDURES ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

Date: July 1, 2024 /s/ *Kimberly A. Jolson*
KIMBERLY A. JOLSON
United States Magistrate Judge