**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSHUA TAPER,

      Petitioner,

      v.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

      Respondent.

Case No. 1:24-CV-184

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of July 1, 2024. (Doc. 30). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice to Petitioner Joshua Taper that he could forfeit the right to further de novo review if he failed to file objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Taper timely objects, but for the following reason, the Court will overrule his objections and adopt the R&R in full.

**I.**   **BACKGROUND**

In September 2014, Taper was arrested and charged with murder in relation to the shooting death of Stephen Balderos. (Doc. 1, PageID 80). In exchange for a reduction of the charge against him to involuntary manslaughter with a firearm specification, Taper

1

pleaded guilty and entered into an agreement with a recommended sentence of fourteen years' imprisonment. (*Id.*, PageID 74). During an April 2015 plea hearing, the judge confirmed that Taper knowingly and voluntarily entered into the agreement, and also explained twice to Taper that any direct appeal must be filed within thirty days of sentencing. (*Id.*, PageID 79, 86). The judge accepted Taper's plea and imposed the agreed-upon sentence. (*Id.*, PageID 85). Taper did not appeal.

In October 2022, Taper filed a motion for judicial release.[1] (*Id.*, PageID 14-15). At a subsequent hearing, Taper argued that he was misinformed about his plea agreement and the agreed-upon sentence. (*Id.*, PageID 60). The court denied Taper's motion, though, concluding that he had agreed to a lesser charge in exchange for a lighter sentence, because "[w]hile 14 years is the maximum sentence on the reduced charges he plead guilty to, it is far less than the 18 year to life maximum sentence he faced on the indicted charges." (*Id.*). Taper did not appeal.

Following the denial of his motion for judicial release, Taper filed the underlying petition. He puts forth two grounds for relief, arguing that (1) state authorities violated his Fourteenth Amendment rights in 2014 by questioning him outside the presence of a legal guardian or attorney; and (2) state authorities unlawfully obtained his confession, and both his lawyers and the prosecutor withheld exculpatory evidence from him. (*Id.*, PageID 16-18).

Upon review, the Magistrate Judge did not reach the merits of Taper's grounds for relief, finding instead that he failed to satisfy the applicable exhaustion requirement because "[a] state defendant with federal constitutional claims is required to first fairly

---

[1] *See* Ohio Rev. Code § 2929.20 (defining the terms of judicial release in Ohio).

present those claims to the state courts for consideration." (Doc. 30, Page 381). Accordingly, the Magistrate Judge recommended dismissing Taper's habeas petition without prejudice, subject to refiling. (*Id.*, PageID 383).

## II.  <u>STANDARDS OF LAW</u>

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

## III.  <u>ANALYSIS</u>

Taper seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Critically, though, he fails to substantively address the Magistrate Judge's threshold finding that his claims are unexhausted.

Generally, "[a] federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). "For a claim to be considered exhausted, the habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claim." *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002) (cleaned up); *see McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (noting that fair presentation is satisfied "if the petitioner asserted both the factual and legal basis for his claim to the state courts"). Although exhaustion is not jurisdictional, "it is a threshold question that must be resolved" prior to the resolution of a claim on the merits. *Wagner*, 581 F.3d at 415.

As the Magistrate Judge noted in a well-reasoned R&R, Taper has previously argued that he was not required to exhaust his claims "because the trial court never acquired jurisdiction over him through a valid bindover order." (Doc. 30, PageID 382). But that argument is without legal support, and Taper's objections contain no meaningful challenge to the Magistrate Judge's conclusion that he "still has an avenue open to him in the state courts by which he may present his claims." (*Id.*, PageID 382-83). And because Taper otherwise merely regurgitates previous arguments,[2] he has failed to preserve the matter for de novo review by the Court.

## IV.  <u>CONCLUSION</u>

For the foregoing reason, the R&R is hereby **ADOPTED**. Consistent with the recommendations of the Magistrate Judge:

---

[2] Taper also continues to argue for the recusal of both the Magistrate Judge and the undersigned. But because that issue has already been addressed by the Court on numerous occasions, the Court declines to revisit it.

I. The petition for a writ of habeas corpus, (Doc. 1), filed pursuant to 28 U.S.C. § 2254, is **DISMISSED without prejudice**, subject to refiling upon the exhaustion of state court remedies;

II. The miscellaneous outstanding motions, (Docs. 3, 15, 19, 26), are **DENIED as moot**; and

III. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Furthermore, the Court concludes that reasonable jurists would not debate this procedural ruling, *see Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), and thus **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

_/s/ Michael R. Barrett_
Michael R. Barrett
United States District Judge